J. S10026/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
GREGORY FITZGERALD,   :
            Appellant   :
  :   No. 1573 EDA 2016

Appeal from the Judgment of Sentence June 13, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001635-2009
CP-51-CR-0004276-2011
CP-51-CR-0307291-2000

BEFORE: BENDER, P.J.E., DUBOW, J., and SOLANO, J.

MEMORANDUM BY DUBOW, J.:            **FILED MARCH 01, 2017**

Appellant, Gregory Fitzgerald, appeals from the Judgment of Sentence of five to ten years' incarceration following the revocation of his probation. We affirm.

The instant appeal is the latest installment in Appellant's nearly two-decades-long journey through our Courts of Common Pleas, Mental Health Court, state psychiatric hospitals, and prison system. We summarize the procedural history relevant to the appeal as follows:

On July 13, 2001, Appellant was convicted of Burglary and sentenced to 3 years' reporting probation at case number CP-51-CR-0307291-2000 (the "2000 Case"). Appellant violated his probation and on February 28,

2002, the court sentenced him to 11 ½-23 months' incarceration followed by 5 years' reporting probation. On December 17, 2008, Appellant committed a potential direct violation of his probation when police arrested him for Burglary. The court scheduled a violation hearing for December 19, 2008, but continued it pending resolution of the Burglary case.

Ultimately, on September 11, 2009, the Commonwealth charged Appellant with Burglary at case number CP-51-CR-001635-2009 (the "2009 Case"). The court ordered a psychiatric evaluation, following which it determined that Appellant was incompetent to proceed to trial. The court subsequently committed Appellant to Norristown State Hospital for treatment.

On January 4, 2010, the Commonwealth charged Appellant at case number CP-51-CR-0004276-2011 (the "2011 Case") with Aggravated Assault and Terroristic Threats following an incident at the hospital. On April 15, 2010, the court transferred the pending 2009 Case and the 2011 case to the supervision of Mental Health Court (MHC).

As is the procedure of MHC, Appellant had regular hearings to monitor his treatment compliance and mental health progress. Appellant remained incompetent until February 17, 2011. On that date, the court vacated the

commitment to Norristown State Hospital and committed Appellant to the Detention Center Forensic Unit for 30 days.[1]

On May 19, 2011, Appellant pled guilty to Burglary in the 2009 Case and guilty to Aggravated Assault and Terroristic Threats in the 2011 Case. The court sentenced Appellant to three concurrent terms of 11½-23 months' incarceration followed by terms of reporting probation in each case. The guilty pleas resulted in a direct violation of Appellant's probation in the 2000 Case. After a violation hearing, the court sentenced Appellant to 11½-23 months' incarceration followed by 5 years' reporting probation. All sentences were to run concurrently.

The court later ordered Appellant's release from custody and placement in Trinity House, where Appellant continued to be under MHC's supervision. Appellant remained in compliance with the conditions of his sentences until February 9, 2012, when the court was informed that Appellant had been discharged from his placement in Trinity House for dispensing medications (injections and pills) to a female in the neighborhood. As a result of the infraction, the court increased Appellant's court supervision to at least once a month and Appellant was ordered to complete 200 hours of community service.

---

[1] On May 19, 2011, the court consolidated Appellant's 2000 Case, his 2009 Case, and his 2011 Case pursuant to Pa.R.Crim.P. 701.

Appellant remained compliant with his program until November 12, 2012, when he was arrested and charged with Recklessly Endangering Another Person[2] and False Report—Falsely Incriminating Another (the "2012 Case").

On April 25, 2013, Appellant pled guilty in the 2012 Case, and the court scheduled sentencing for June 13, 2013. Appellant waived a Pre-Sentence Investigation on the charges in the 2012 Case.

On June 13, 2013, Appellant appeared for sentencing on the new arrest via video conferencing. The court heard reports that Appellant told correctional staff that he was going to avoid going to court because he did not want the court to sentence him, and that Appellant had attempted to hurt himself by banging his head against the wall, putting paint in his sores, and complaining of chest pains. During the sentencing hearing, Appellant constantly interrupted his attorney from the Defender Association, claiming that he had a "paid" lawyer even though there was no record or entry of appearance of the claimed "paid" lawyer. The court sentenced Appellant to 6 months' probation in the 2012 Case.

That same day, as a result of the guilty plea in the 2012 Case, the court held a probation violation hearing and found Appellant in direct and technical violation of his probation in the 2000 Case, the 2009 Case, and the 2011 Case. The court revoked Appellant's previous sentences and

---

[2] The Commonwealth *nolle prossed* this charge.

resentenced him to three concurrent terms of 5-10 years' incarceration with credit for time served. As a condition of the sentences, the court ordered Appellant to continue with mental health treatment, and to comply with any future conditions imposed by the Probation Department.

Appellant filed a Petition to Vacate and Reconsider the June 13, 2013 Sentence *Nunc Pro Tunc*, which the court denied on July 3, 2013. Appellant did not file a timely direct appeal; however after a successful Petition for Post-Conviction Relief, the court reinstated Appellant's direct appeal rights on May 3, 2016. This appeal followed.

Appellant raises the following two issues on appeal:

> 1. Did the trial court err in not securing and reviewing a [P]re-[S]entence [R]eport prior the imposition of the [S]entence when the imposition of [S]entence of one year or more was possible?

> 2. Did the trial court err in denying the defense [M]otion for a psychiatric/mental health evaluation of the [A]ppellant when the record demonstrated that [A]ppellant may not have been competent to proceed.

Appellant's Brief at 2.

In his first issue, Appellant claims that the trial court erred in not ordering or considering a Pre-Sentence Investigation report prior to sentencing him. Appellant's Brief at 6-7. A claim of this nature challenges the discretionary aspects of Appellant's sentence. ***Commonwealth v. Finnecy***, 135 A.3d 1028, 1031 (Pa. Super. 2016). Appellant "must therefore petition for permission to appeal those issues, as the right to

pursue such a claim is not absolute." **Id.** (citation and quotation omitted).

In addition,

> When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the appropriateness of the sentence. Two requirements must be met before we will review this challenge on its merits. First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence [pursuant to Pa.R.A.P. 2119(f)]. Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code.

**Id.**

Where an appellant's brief does not contain a statement under Rule 2119(f) and the Commonwealth objects, the appellant has waived this issue on appeal. **Commonwealth v. Montgomery**, 861 A.2d 304, 308 (Pa. Super. 2004). Here, Appellant has not included a 2119(f) Statement in his brief, and the Commonwealth objected. Therefore, this issue is waived.

In his second issue, Appellant challenges the trial court's denial of his oral Motion for a Psychological Evaluation.[3] Appellant claims that the bizarre behavior he displayed at his June 13, 2013 hearing was indicative of his incompetence. Appellant's Brief at 8. Appellant argues that "the record

---

[3] The trial court concluded in its Rule 1925(a) Opinion that Appellant had waived this issue by not raising it with sufficient specificity in his Rule 1925(b) Statement. Appellant's Rule 1925(b) Statement, however, contained the following allegation of error: "The trial court erred in denying the defense motion for a mental health evaluation. NT 6-13-13 @ 9-11." We find this reference to the specific place in the record where Appellant alleges the trial court erred to be sufficient to preserve this issue for appeal.

demonstrates that there was doubt that [Appellant] possessed the reasonable capacity to understand the criminal process and be able to function in that process, *i.e.*, be able to consult with his attorney." ***Id.*** We disagree.

A defendant is incompetent when he is unable to understand his position as the accused or to cooperate with his counsel to put on a rational defense. ***Commonwealth v. Higgins***, 424 A.2d 1222, 1225 (Pa. 1980). We afford a trial court's determination of a defendant's competence great deference as the trial court "personally observes those relevant behavioral circumstances regarding the defendant's alleged condition." ***Commonwealth v. Chopak***, 615 A.2d 696, 700 (Pa. Super. 1992).

Our review of the Notes of Testimony reveal numerous instances where Appellant participated in the hearing in a way that indicated that he understood the nature of the proceedings, and his role in them. Appellant demonstrated his right to and desire for counsel when he indicated to the court that he did not "like the public defender that's representing [him], and [he has] a paid lawyer that will represent [him]." N.T., 6/13/13 at 4; ***see also id.*** at 5-6. Appellant also had the wherewithal and knowledge to: (1) inform the court about the medications he was taking; (2) refer to possibly having had witnesses on his behalf; (3) notify the court that he wanted to take an appeal; (4) ask how much time he would have to serve in jail; (5)

request mental health treatment and credit for time served; (6) and inform the court that he had a leg infection. *Id.* at 15, 21-14, 26-27.

Furthermore, the record reflects that, following Appellant's Motion, the court considered whether a psychological evaluation was necessary under the circumstances. The court heard statements that Appellant had made a conscious, premeditated decision to do whatever possible to avoid being sentenced, including banging his head, scratching himself to get hospitalized, saying he had chest pains, and threatening to kill himself. *Id.* at 6-7. The court specifically found that Appellant's actions were nothing more than an attempt to malinger, and concluded:

> [I]'s obvious that [A]ppellant is a little irate and upset about what is happening to him today, but it's . . . clear from his conversation that he is aware of the purpose of this proceeding. He knows what the roles of all the parties are because he's already indicated he wants another lawyer, a new lawyer, and that he has a paid lawyer, although we have no information regarding any such paid lawyer.

*Id.* at 11. The court also aptly observed that Appellant also indicated his competency when he "interrupt[ed] counsel to make corrections about his medication, [and] about his job in community service." *Id.* at 16.

The trial court did not abuse its discretion in denying Appellant's Motion. In this case, the Honorable Sheila Woods-Skipper assumed supervision of Appellant more than three years before sentencing Appellant for these probation violations. During that time, Judge Woods-Skipper conducted regular mental health status hearings. She also conducted a

competency hearing—Appellant's sixth—less than 30 days before sentencing, on May 16, 2013, after which she concluded that Appellant was competent.

Given Judge Woods-Skipper's familiarity with Appellant and his circumstances, her diligence in regularly monitoring his mental health status, Appellant's recent competency hearing, and the ample evidence of Appellant's understanding of, and meaningful participation in, the sentencing proceeding and his avowed motivation for appearing mentally unwell, we conclude that Appellant is not entitled to relief.

Judgment of Sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/1/2017